IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JACOBS,<br>　　　　Petitioner, | )<br>)<br>) |
| v. | ) Civil Action No. 15-1656 |
| | )<br>) |
| SUPERINTENDENT NANCY GIROUX,<br>et al.,<br>　　　　Respondents. | )<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Presently before this Court is petitioner's motion for the appointment of counsel (ECF No. 37). This matter is before the Court for a determination of whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent petitioner in the prosecution of this action.

The petitioner, Andre Jacobs, an inmate at the State Correctional Institution at Albion ("SCI Albion"), has presented a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 against respondents, the Superintendent of SCI Albion, the District Attorney of Allegheny County and the Attorney General of the Commonwealth of Pennsylvania. In his amended petition, petitioner alleges that: 1) his trial counsel was ineffective for ignoring a "duress" defense to the charges and told him to testify that he was not involved in the escape attempt; 2) trial counsel was ineffective for proceeding with jury selection when the judge was not present and petitioner did not sign a form waiving the judge's presence; 3) PCRA counsel was ineffective for failing to secure exculpatory evidence proving that the duress defense was viable and that he did not sign a waiver; and 4) he is serving multiple sentences that are beyond the

statutory maximums. He contends that he suffers from mental illness which impairs his ability to file proper responses to respondents' motions or effectively present his claims.

In considering a motion for the appointment of counsel, this Court must determine whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) gives the Court broad discretion to determine whether appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the petitioner's claims have arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron, supra at 155. If the court determines that the claims have some merit, the court should then consider the following factors:

1. the petitioner's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the petitioner to pursue such investigation;

4. the amount a case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the petitioner can attain and afford counsel on his own behalf.

Parham v. Johnson, supra. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of petitioner's allegations, it would appear that the appointment of counsel is not warranted and, therefore, we will not exercise our discretion.

Initially, it does not appear with any degree of certainty that petitioner is setting forth a factual basis which demonstrates that he will ultimately prevail on the merits. Nevertheless, in considering factors one and two – the litigant's ability to present his case and the difficulty of the legal issues involved – it is clear that the issues presented in the petition are neither difficult nor complex, and nothing in the record indicates that petitioner is incapable of presenting his case. Similarly, the third consideration – the degree to which factual investigation will be necessary and petitioner's ability to conduct such investigation – does not weigh in favor of the appointment of counsel since the petitioner's case will be decided based on the documents of record, namely the petition, the answer and the state court pleadings.

Further, while it may be that the credibility of the witnesses will be at issue in the case if an evidentiary hearing is held, it does not appear that the case will become a "swearing contest" nor does it appear that proper adjudication will require the testimony of an expert witness.

We do not intimate that the petitioner would not benefit from appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of our discretion. Thus, until such time as a showing is made that the interests of justice require our exercise of discretion, we decline to do so. See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981).

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRE JACOBS, )
        Petitioner, )
)
        v. ) Civil Action No. 15-1656
)
)
SUPERINTENDENT NANCY GIROUX, )
et al., )
        Respondents. )

O R D E R

AND NOW, this 28th day of November, 2016,

IT IS ORDERED THAT petitioner's request for the appointment of counsel is hereby denied, without prejudice.

                              s/Robert C. Mitchell
                              ROBERT C. MITCHELL
                              United States Magistrate Judge

cc: Andre Jacobs
     DQ-5437
     S.C.I. Albion
     10745 PA-18
     Albion, PA 16475