IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRE JACOBS, DQ-5437,  )
    Petitioner,  )
                      )
        v.  )   2:15-cv-1656
                      )
SUPT. GIROUX, et al.,  )

MEMORANDUM and ORDER

Mitchell, M.J.:

      Andre Jacobs an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus (ECF No. 7). For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      Jacobs is presently serving a 49 to 98 month period of incarceration following his conviction by a jury of attempted escape, criminal conspiracy and possessing implements for escape at No. CP-02-CR-2109-2006 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on December 5, 2012.[1]

      An appeal was taken to the Superior Court in which the issues presented were:

1. Should Appellant's 18 Pa.C.S.§ 5122 Possession-or-control-of escape tools conviction be vacated on grounds of insufficient evidence, given that (a) it was not established that he was aware of presence of a metal pry bar found hidden somewhere in his cell's toilet (the prosecution's evidence permitting the conclusion that the metal bar was hidden unbeknownst to Appellant, out of sight in the toilet's tank by a prior occupant of his cell); and (b) it was not established that the strips of cloth that he possessed (commonly called a "fishing line" and commonly tied together by inmates to create a rope capable of moving objects from one cell to another) constituted an implement designed for escape?

---

[1] Petitioner was originally sentenced on June 30, 2008, but pursuant to the Mandate of the Superior Court resentenced to his present period of incarceration on December 5, 2012. See, petition at ¶¶ 1-6 and answer of the Commonwealth.

2. Should Appellant's attempted escape conviction be vacated on grounds of insufficient evidence, given that (a) it was not established that he was the inmate who broke his cell's window and caused other damage to his cell (rather than either a prior occupant of his cell, or, alternatively, the inmate in an adjacent cell who fell to his death trying to escape); and (b) it was also not established that his intent in causing that damage (assuming that he was in fact the inmate who caused it) was to facilitate his escape from the Allegheny County Jail rather than to enable him to reach out of his cell window and grab hold of a neighboring inmate who, in trying to escape, found himself in danger of death as he dangled 16 stories above the ground?

3. Should Appellant's conspiracy to escape conviction be vacated on grounds of insufficient evidence, given that (a) there was no indication that he had agreed to assist a fellow inmate in his escape attempt or was being aided by that inmate in an attempt of his own; (b) the mere fact that he himself may have been attempting to escape (assuming *arguendo* that he was engaged in that endeavor) does not suffice to establish that he was assisting a fellow inmate in his own independent attempt to escape; and (c) the mere fact that he was aware of the fact that a fellow inmate was planning an escape attempt (assuming that he had such knowledge) does not establish that he was assisting that inmate in that effort?

4. Was Appellant illegally sentenced on all three of his convictions, given that (a) he received a 33-to-66 month prison sentence on his Misdemeanor I Possession-or-Control-of-escape-tools conviction (exceeding the 30-to-60 month statutory limit); (b) he received a pair of 16-to-32 month prison sentences on his Misdemeanor II attempted Escape and Misdemeanor II conspiracy-to-escape convictions (both exceeding the 12-to-24 month statutory limits); and (c) he was sentenced for both attempted escape and conspiracy-to-escape in violation of 18 Pa.C.S. § 906's ban on the imposition of multiple sentences for multiple inchoate convictions?[2]

On August 24, 2009, the Superior Court affirmed the conviction but remanded for resentencing.[3] On February 21, 2012, the Supreme Court affirmed the conviction but remanded for resentencing pursuant to the directive of the Superior Court.[4] That resentencing occurred on December 5, 2012. Post-sentence motions were filed and withdrawn on February 14, 2013.[5] No appeal was

---

[2] Appendix p.29.
[3] Id. at pp. 114-129.
[4] Id. at pp. 267-290.
[5] Id. at p.14.

pursued and for this reason his sentence became final on March 16, 2013 when the time in which to appeal expired. P.R.Crim. P. 720(A)(2)(c).

On March 4, 2014, Jacobs sought post-conviction relief. Relief was denied on November 20, 2014 and an appeal was filed in which the issues were:

> 1. Did the trial court err in denying appellant's PCRA petition since trial counsel Phillps was ineffective for proceeding with jury selection without a judge and court reporter present, without appellant's consent?
>
> 2. Did the trial court err in denying appellant's PCRA petition since trial counsel Phillps was ineffective for insisting that appellant not utilize a "duress" defense since appellant told trial counsel that he knew that Seretich was going to escape, that Seretich stole photos of appellant's family from his cell and threated appellant with harm to his family if appellant did not assist in Seretich's escape attempt, and if the jury had heard this testimony from appellant it would likely have excused his minimal/forced participation in the escape attempt and rendered a not guilty verdict at all counts?[6]

On June 1, 2015, the denial of post-conviction relief was affirmed.[7] Allowance of appeal was denied on October 27, 2015.[8]

On December 9, 2015, Jacobs executed the instant petition which was received in this Court on December 16, 2015 (ECF No. 1). In the petition he contends he is entitled to relief on the following grounds:

> 1. Trial counsel was ineffective for proceeding to trial on charges which were contained in an information which had not been scheduled for trial at that time and for this reason counsel was unprepared.[9]
> 2. Petitioner did not voluntarily waive the presence of the trial court or a court reporter during jury selection.[10]
> 3. Trial counsel was ineffective for failing to raise a "duress" defense but rather encouraged petitioner to testify that he knew nothing about a planned escape.

---

[6] Id. at p. 362.
[7] Id. at pp. 400-407.
[8] Id. at p. 449.
[9] In his petition Jacobs states "petitioner recounted [to the court] how he thought he was there for a different trial… [The trial court] then said petitioner had the option of representing himself or continuing with [appointed counsel]. When petitioner said he would represent himself [the court] said trial would procced that day and no postponements of time to prepare would be allowed…"
[10] Petitioner contends that issues 1 and 2 were raised in his direct appeal and post-conviction petition, but we are only able to conclude that issue 2 was only raised in the post-conviction proceedings and the first issue was not raised at all .(Petition at ¶¶ 12(1)(c) and 12(a)(d)).

3

4. PCRA counsel was ineffective for failing to investigate and secure photos found on the body of the escapee which would have demonstrated that the petitioner's actions were coerced.[11]

The background to this prosecution is set forth in the opinions of the Superior Court citing the trial court's opinion:

> The evidence to support the attempted escape conviction includes a four-inch hole between the defendant's cell and the cell of an escaped inmate, as well as items recovered from defendant's cell, including a removed window, a crowbar, and strips of cloth. The defendant was in cell number 218 of the disciplinary housing unit and an inmate named Frank Seretich, was in the next-door cell, number 217. Mr. Seretich was found dead on January 12, 2006, after falling from a hand-made "rope while attempting to escape. Authorities instituted a lock-down and unit search after Mr. Seretich's body was found. Incriminating items were found in the defendant's cell.
>
> The defendant and Mr. [Seretich] shared one outer window, surrounded by concrete, which contained two individual cell windows and opened separately. The Lexan glass and screen had been removed from the window and were found in the defendant's cell. A pry bar that had been used to pry the [rivets] off the Lexan glass window panel was found in the toilet of defendant's cell. The outside metal bars from the shared windows were also found in the defendant's cell. The defendant's cell also contained strips of cloth, similar to the ones used by Frank Seretich to construct a 225 foot long rope. There was a 1"x4" hole in the wall of the defendant's cell that ran through the four-inch thick wall into Mr. Seretich's cell. Additionally, there was a line constructed of prison cloth that inmates used for "fishing", passing things from cell to cell.
>
> The defense argued that the above evidence was merely circumstantial evidence and speculation without direct evidence of the crimes charged. The jury found the defendant guilty.[12]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[11] See: Petition at ¶ 12.
[12] See: Appx. at pp.116-117.

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, the Pennsylvania Supreme Court affirmed the conviction but remanded for resentencing on February 21, 2012. That resententencing occurred on December 5, 2012, post-sentencing motions were withdraw on February 14, 2013 and no appellate relief was sought. Thus his conviction and sentence became final on March 16, 2013 when the time in which to appeal expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012).[13]

On March 4, 2014, Jacobs filed a post-conviction petition. Thus the time between his conviction becoming final and his filing for post-conviction relief was 353 days. Post-conviction relief was denied, the denial affirmed on appeal and allowance of appeal was denied on October 27, 2015. The instant petition was executed on December 9, 2015 or 43 days after the denial of allowance of appeal. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. Excluding the time during the pendency of the properly filed post-conviction petition, the time that elapsed after his conviction become final and his execution of the instant petition was 396 days. Thus in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless a basis for equitable tolling exists. Holland v. Florida, 560 U.S. 631, 645 (2010).

---

[13] See; Pa R.App.P, 903

In his response (ECF No. 44) to the answer raising the statute of limitations defense, Jacobs states:

> Petitioner acted diligently in filing this petition where despite being told by PRCA counsel that he had until February 6, 2016 to file petitioner filed it in November 2015 up against nine months of no access to his legal files and upon gaining access discovering that all of those files had been destroyed other state interference included no law books in prison library coupled with no legal aids. (p4, ¶5).

The remainder of his response is a rehash of his arguments in support of the petition.

Even if Jacobs relied on this representation, an attorney's miscalculation of the time in which to seek federal relief is not a basis for imposition of equitable tolling. Lawrence v. Florida, 549 U.S. 327 (2007).[14] Thus, the instant petition is subject to dismissal as time barred.

However, even if this was not the case, the issues which petitioner raises here are meritless.

The first claim he makes is that counsel proceeded to trial on this case when trial had originally been scheduled on another possession of implements of escape charge.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

---

[14] In his letter advising petitioner of the time in which to file for federal relief, counsel stated "that would give you approximately 3 months to file a federal habeas. I believe that I'm correct, but don't rely on my calculations since you need someone who does federal habeas work to make sure." (See: ECF No. 44, Exhibit E).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions are satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010). This is a very difficult burden to meet. Harrington v. Richter, 131 S.Ct. 770 (2011)

Petitioner's first issue was not raised in the appellate courts of the Commonwealth and cannot now be raised in those courts due to a time bar. 42 Pa.C.S.A. § 9545(b). For this reason it is procedurally defaulted and need not be considered here. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The second issue which petitioner raises is that he did not consent to jury selection being conducted without the trial judge being present. This issue is premised on Pa.R. Crim.P. 631(A) ("Voir dire of prospective jurors …shall be conducted … in the presence of the judge, unless the judge's presence is waived…").

Following the post-conviction hearing, the court wrote:

7

> During the PCRA hearing, Defendant continued to allege that he did not sign his signature on the forms waiving the presence of a judge and court reporter at jury selection. Trial counsel … stated that although she does not specifically remember Defendant signing the jury selection waiver forms, the signature on the forms would have been Defendant's signature. Trial counsel stated that she did not sign Defendant's name, and explained that if Defendant had refused to sign the forms then jury selection would have stopped and they would have returned to the courtroom. This Court finds trial counsel's testimony to be credible and the testimony of Defendant not to be credible… This Court finds that the signature waiving the presence of a judge and reporter during jury selection was Defendant's signature (record references omitted).[15]

Issues of credibility are determined by the fact-finder and those finding are granted great deference, 28 U.S.C. § 2254(e)(1), Felkner v. Jackson, 131 S.Ct. 1305 (2011). No showing is made here for disturbing those finding and as a matter of Pennsylvania procedural rule the issue of the presence of the judge is not subject to review here. Swarthout v. Cooke, 131 S.Ct. 859 (2011). For this reason, petitioner is not eligible for relief on this issue.

Jacobs' next issue is that counsel was ineffective for failing to present a "duress" defense but rather advised the petitioner to contend that he was not involved in the escape. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The

---
[15] Id. at p. 353.

Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in the performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

In addressing this issue, the court wrote:

> During the PCRA hearing Defendant testified that he wrote to [defense counsel] and told her that he participated in the escape because he was coerced by Mr. Seretich who used threats "… upon my family and using my personal property to coerce me to help him escape, but that I told [defense counsel] I never intended to escape." The Defendant explained that one of the guards stole personal family photographs from his cell and gave them to Mr. Seretich, who threatened to kill Defendant's grandmother and other relatives unless Defendant helped Mr. Seretich escape. Defendant claimed that he wrote his trial attorney a letter informing her that he wanted to proceed to trial defending the charges on the bases of coercion, since he was threatened and forced to participate in the escape, but his trial attorney rejected that defense. Defendant claimed his trial attorney corresponded to him, stating that she wanted his defense to be denying involvement in the escape and denying knowledge of the escape and claiming he was merely a scapegoat, even though she knew this was not truthful.
>
> Defendant has not established any of the elements necessary for ineffective assistance of counsel. This Court does not find any of Defendant's testimony to be credible. This Court believes that trial counsel indicated to Defendant that he should be completely forthright in his testimony. Defendant testified at trial but never stated he was threatened and forced to participate in the escape attempt, instead he denied any involvement in the escape.
>
> Furthermore, trial counsel did not recall being informed of any threat against Defendant, compelling him to participate in the escape, and the correspondence does not demonstrate such a threat. If Defendant had told trial counsel about such threats made to obtain his participation in the escape, she would have further investigated this and proceeded. Trial counsel testified that Defendant told her about a drug ring conspiracy … but not about any coercion or threats compelling him to participate in the escape (transcript citations omitted).[16]

---

[16] Id. at pp. 354-355.

9

Because no showing being made here to disturb those factual findings, this issue is likewise without merit.

Finally, petitioner contends post-conviction counsel was ineffective for failing to independently investigate and secure photos found on the body of the escapee which would have demonstrated that the petitioner's actions were coerced. While post-conviction counsel's alleged ineffectiveness was never raised in the state courts, Jacobs appears to raise this claim as one arising under Martinez v. Ryan, 132 S.Ct. 1309, 1315 (2012)("inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial"). In Martinez the Court held that where in states like Pennsylvania claims of ineffective assistance of counsel can only be raised in collateral proceedings rather than on direct review, failure to do so may establish a basis for procedural default.[17] However, this exception is very narrow and only applies to initial collateral review. Norris v. Brooks, 794 F.3d 401 (3d Cir. 2015), cert. denied 2016 W.L. 763672 (2016).

Petitioner here is not alleging an issue of ineffectiveness of trial counsel but rather contents that post-conviction counsel was ineffective for failing to conduct an independent factual investigation. Because, this exception is only applicable to initial post-conviction proceedings where counsel fails to raise the issue of ineffective assistance of trial counsel the Martinez, exception is not applicable here. 132 S.Ct. at 1320.

The record demonstrates that the instant petition is time barred. However, even if this was not the case, the petitioner's conviction was not secured in any manner contrary to federal law as determined by the United States Supreme Court nor involved an unreasonable application of that law. For this reason his allegations are without merit.

Accordingly, the petition of Andre Jacobs for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

---

[17] Pennsylvania requires that claims of ineffective assistance of trial counsel be raised in collateral proceedings and not in a direct appeal Com. v. Bozic, 997 A.2d 1211(Pa.Super), leave to appeal denied 608 Pa. 659 (2010), cert denied 131 S.Ct. 2939 (2011).

10

An appropriate Order will be entered.

Filed: January 4, 2017                s/ Robert C. Mitchell
                                      United States Magistrate Judge

ORDER

AND NOW, this 4th day of January 2017, for the reasons set forth in the foregoing Memorandum, the petition of Andre Jacobs for a writ of habeas corpus (ECF No.7) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

Pursuant to Rule 4(a) F.R.App.P. the parties are advised that if any parties desire to appeal, a notice of appeal must be filed within thirty (30) days of this date.

s/ Robert C. Mitchell<br>
United States Magistrate Judge